In. this case, Francis Riley,, of whpm the plaintiff, now the appellant, is executrix, had obtained in the court of the parish of New-Orleans, on the 31st of December 1811, a final judgment against defendant, now the appellee, for the sum of g 309. Posterior to that, viz on the 25th of January 1812, the parties entered into a compromise, in which they express that there is a misunderstanding in their accounts, and agree to have their disputes settled by two persons, namejl in the compromise. Upon á representation of the circumstance, the Judge of the parish court granted an injunction staying the execution of the aforesaid j udgment till further order. ' The compromise having never *229 been carried into effect, and one of the parties . having since died, the appellant applied to the parish court to have the injunction dissolved. .This was refused, and from the order maintaining the injunction this appeal has been claimed.
A previous question js raised by the appellee, as to the jurisdiction of this court. He contends that this is not a case of which we can take cognizance, in as much. as the order complained of is not a final judgment.
'The law has, indeed, limited, the jurisdiction of this court to appeals from final decisions and judgments, and this court, in conformity thereto, has already refused to take cognizance of appeals from interlocutory decrees ; but, at the same time they have declared that, as to what shall be considered as a final decision or judgment, each case must speak for itself. When an order, not strictly in the form of a final judgment, is, in its effect, tantamount to it, this, court has and will exercise jurisdiction.
That this is such a case needs not be demonstrated. On the oiie hand, the judgment, rendered in favour of the appellant, is a dead letter, if the decree complained of is suffered to subsist,. On the other, the appellant is barred from bringing any other action, for the same cause, against the appellee: for his caséis already adjudged. No *230 decision can be more effectuafy final. It is, therefore, a proper subject for the jurisdiction of ¾⅛ court ; and / ,
. This court, being of opinion that the, parish Judge has. erred, in maintaining the injunction, the cause of which, was extinct, do order and direct that the decision appealed from be reversed, and that the injunction, staying the execution of the judgment, obtained by1 the appellant against the appellee, be dissolved, with costs to be taxed against the appellee,